KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Donna Rood

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Rood, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Federal Bond and Collection Service, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Donna Rood, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Donna Rood (hereafter "Plaintiff"), is an adult individual residing in Fountain Hills, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Federal Bond and Collection Service, Inc. (hereafter "Federal"), is a Pennsylvania business entity with an address of 2200 Byberry Road Suite 120 Hatboro PA 19040, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6.      Does 1-10 (the "Collectors") are individual collectors employed by Federal and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Federal at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Federal for collection, or Federal was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Federal Engages in Harassment and Abusive Tactics**

12.     For the past year, Federal has placed numerous calls to Plaintiff in an attempt to collect the Debt.

13.     Often times when Plaintiff answers Federal's phone calls, there is complete silence on the other end of the phone.

14.     Plaintiff has asked Federal to send her written correspondence verifying that the Debt is hers, and Federal has refused and failed to send written verification of the Debt.

15.     On one occasion, Federal refused to explain what the Debt was for and stated that it would only provide Plaintiff with verification of the Debt if she agreed to make payment arrangements for the Debt to pay it off in full.

16.     On another occasion, Federal explained that the Debt was for a "HSV" account without giving the account number for it.  Plaintiff again asked for written verification of the particular Debt Federal was calling about, because Plaintiff had filed bankruptcy in 2005 to discharge a HSV account altogether.

17.     Federal insisted that Plaintiff pay the Debt or else Federal would file a lawsuit against her holding her liable for attorney's fees, but Plaintiff explained that she couldn't pay for an unknown Debt without verification.

18.     Federal has left voice messages on Plaintiff's landline and failed to identify itself or give any mini Miranda.

19.     Federal has failed to identify itself over the phone with Plaintiff.

4

20.     On one occasion when Plaintiff insisted that Federal identify itself, Federal only referred to itself as "FBCS."  When Plaintiff asked Federal to explain what FBCS stood for, Federal claimed that it did not stand for anything.

21.     Federal has used rude and abusive language when speaking with Plaintiff.

**C.     Plaintiff Suffered Actual Damages**

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

27.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28.     The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

29.     The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

30.     The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

31.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

32.     The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

33.     The Defendants used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

34.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

35.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

36.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

37.     The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

38.     The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

39.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

7

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43.    Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

44.    The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls.

45.    The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

46.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

48.    All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

Defendants;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorney's fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages from the Defendants for the all damages including

emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations and intentional, reckless, and/or negligent

invasions of privacy in an amount to be determined at trial for the

Plaintiff;

E.  Punitive damages;

F.  For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant

to A.R.S. § 12-341; and

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  April 18, 2011                    LEMBERG & ASSOCIATES, LLC


                                          By:    /s/   Kindra Deneau
                                          Kindra Deneau

                                          Attorney for Plaintiff
                                          Donna Rood